# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| S. PARKER CONSTRUCTION, INC., a Utah corporation, dba BARRY PARKER CONSTRUCTION,<br><br>Plaintiff,<br><br>v.<br><br>SUNTEX HOMES, LLC., et al.,<br><br>Defendants. | 2:08-CV-1439 JCM (GWF)<br><br>Date:   N/A<br>Time:   N/A |

### ORDER

Presently before the court is plaintiff S. Parker Construction, Inc.'s (hereinafter "S. Parker") emergency motion for a temporary restraining order and expedited treatment of the motion for preliminary injunction. (Doc. #55). In response, receiver ANB Venture, LLC. filed an opposition. (Doc. # 57).

Pursuant to Federal Rule of Civil Procedure 65, plaintiff requests that this court enter a temporary restraining order to prevent foreclosure sales on May 4, 2010, of properties involved in the present litigation. In its complaint, plaintiff alleges that after entering into agreements with the defendants to construct model homes and constructing those homes, defendants failed to pay the amounts owed under the agreements. Plaintiff now asserts that it will suffer irreparable harm and hardship if the properties are sold to a third party.

. . .

**James C. Mahan**
**U.S. District Judge**

1  According to Fed. R. Civ. P. 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

Here, plaintiff has not demonstrated a threat of immediate and irreparable injury, loss or damage as required under Federal Rule of Civil Procedure 65. Furthermore, plaintiff has an adequate remedy at law in the form of a mechanic's lien and monetary damages. *See Aronoff v. Katleman*, 75 Nev. 424 (1959). Accordingly, plaintiff is not entitled to the equitable relief of a temporary restraining order.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff S. Parker's motion for a temporary restraining order (Doc. #55) be, and the same hereby is, DENIED.

DATED this 30th day of April, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -